IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL J. JONES,<br><br>    Plaintiff<br><br>  VS.<br><br>MICHAEL J. ASTRUE,<br>S.S. Commissioner,<br><br>    Defendant | NO. 5:07-CV-347 (CAR)<br><br>**SOCIAL SECURITY APPEAL** |

## RECOMMENDATION

  This is a review of a final decision of the Commissioner of Social Security denying plaintiff MICHAEL J. JONES' claim for benefits under the Social Security Act, 42 U.S.C. § 423. On June 23, 2005, plaintiff filed an application for Social Security Disability Benefits alleging disability beginning January 31, 2004 due to a variety of medical conditions including heart problems, high blood pressure, back pain, and leg problems due to circulation difficulties. The application was denied initially and upon reconsideration. The plaintiff requested a hearing before an administrative law judge ("ALJ") which was held on August 1, 2006. In a decision dated February 9, 2007, the ALJ found that plaintiff JONES was not disabled. The Appeals Council denied the plaintiff's request for review on July 12, 2007, making the hearing decision the final decision of the Commissioner. Thereafter, on September 11, 2007, plaintiff JONES filed the instant Complaint.

LEGAL STANDARDS

  The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. ***Carnes v. Sullivan***, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. ***Wheeler v. Heckler***, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* ***Graham v. Bowen***, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Jones first alleges that the ALJ erred in discrediting the opinion of his treating physicians on how his medical conditions impacted his ability to work. In support of this contention, he avers that Dr Early's findings were well-supported by medically accepted clinical and laboratory diagnostic techniques and, as such, should have been afforded controlling weight. Contrary to this assertion by the plaintiff, a review of the ALJ's written decision reveals that the ALJ properly rejected Dr. Early's opinion regarding plaintiff's ability to work. In doing so, the ALJ noted that Dr. Early's opinion was not supported by his own treatment notes, was contradicted by other objective medical evidence, was given in an area outside his medical expertise, and was inconsistent with the findings of another physician who examined and treated the plaintiff. R. 21-22. After reviewing the ALJ's written decision and the evidence of record, the undersigned concludes that the ALJ's decision to discount or reject the opinions of Dr. Early is supported by substantial evidence.

Plaintiff's next contention is that the Commissioner, through the actions of the Appeals Council, erred in the handling and consideration of a letter from Dr. Emerole, plaintiff Jones' treating cardiologist. According to the plaintiff, this letter, which was received *after* the ALJ issued his decision, constitutes new material evidence demonstrating that the ALJ's stated basis for rejecting Dr. Early's opinion of disability was not valid. Based upon this conclusion, the plaintiff argues that the Appeals Council, at the very least, should have remanded the plaintiff's claim for further consideration.

In response to the contention that the contents of the letter renders the ALJ's treatment of Dr. Early's opinion invalid, the defendant Commissioner disagrees.  In support of this position, the defendant begins by citing the text of the letter wherein Dr. Emerole states that "he had no reason *to disagree* with Dr. Early's limitations and that he believed Dr. Early's limitations were an appropriate approximation of Plaintiff's functional capabilities."  Having highlighted Dr. Emerole's choice of words, the defendant next notes that there is no indication that Dr. Emerole even reviewed Dr. Early's treatment notes, and that even if the letter were to demonstrate Dr. Emerole's complete agreement with Dr. Early's conclusory assessment of the plaintiff's limitations, Dr. Emerole's own treatment notes could not support such a conclusion.

In view of this argument, and after reviewing the records related thereto, the undersigned finds the Commissioner's argument persuasive.  In addition, and with regard to the plaintiff's request for remand, it would be improper for this court to remand this matter under the new and material evidence provisions of sentence six of 42 U.S.C. 405(g) because it is clear that the evidence had been previously submitted to and considered by the Appeals Council.

Accordingly, and for the reasons set forth above, it is the opinion of the undersigned that the ALJ properly applied the relevant legal standards and that his findings are supported by substantial evidence. Therefore, **IT IS RECOMMENDED** that the Commissioner's denial of benefits be **AFFIRMED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 13th day of March, 2009.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE